**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ABDO ALRADAI PLAINTIFF/COUNTER DEFENDANT

VERSUS CIVIL ACTION NO. 5:06cv66-DCB-JMR

RIVERHILLS BANK DEFENDANT/COUNTER PLAINTIFF

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Riverhills Bank's Motion for Summary Judgment on its counterclaim [**docket entry no. 43**], and Riverhills Bank's Motion for Attorney Fees [**docket entry no. 47**]. Having reviewed the Motions, Memorandums of Law, response, rebuttal applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

**FACTS**

On April 21, 2006, Abdo Alradai filed suit in this Court against Riverhills Bank ("RHB"). The plaintiff, a native of Yemen, alleged in his verified complaint that RHB denied him a $22,000.00 secured loan in violation of the Equal Credit Opportunity Act and the Consumer Credit Protection Act. Specifically, Alradai contends that RHB (1) failed to properly evaluate his application, (2) failed to conduct an appraisal of his assets, and (3) denied him a loan because of his race and/or national origin. (Compl. 3.) On August 23, 2006, RHB answered the complaint and brought a counterclaim against Alradai for malicious prosecution and for attorney fees under the Mississippi Litigation Accountability Act,

Mississippi Code Section 11-55-1, *et seq.*

As the suit progressed, the plaintiff's counsel repeatedly ignored conference calls with the Court and Chief Magistrate Judge John Roper's orders regarding Rule 26 disclosures. On February 16, 2007, without having received a response from the plaintiff to two separate Orders to Show Cause, Judge Roper entered a Report and Recommendation ("R&R") [docket entry no. 34], wherein he recommended that Alradai's claims be dismissed without prejudice for failure to prosecute. In his R&R, Judge Roper informed the plaintiff that he had a right to object to the R&R within ten days of receiving it. On March 12, 2007, after fully reviewing Judge Roper's R&R, it was adopted as the opinion of this Court [docket entry no. 42].

On March 30, 2007, RHB filed a Motion for Summary Judgment [docket entry no. 43], on its malicious prosecution counterclaim. That motion was followed on April 3, 2007 by RHB's Motion for Attorney Fees Pursuant to Mississippi Litigation Accountability Act [docket entry no. 47]. In its motion, RHB seeks the imposition of fees solely against the plaintiff, not his attorney. Having received no response from Alradai as of May 10, 2007, the Court entered an Order to Show Cause [docket entry no. 50], wherein it directed Alradai to respond to said motions. Alradai responded on May 29, 2007 [docket entry no. 51], and RHB filed a rebuttal brief on June 4, 2007 [docket entry no. 54].

## DISCUSSION

### I. Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[1]

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is

---

[1]A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. RHB's Motion for Summary Judgment on Its Malicious Prosecution Counterclaim

To prevail on its malicious prosecution claim, RHB must, by a preponderance of the evidence, prove:

(1) The institution or continuation of original judicial proceedings, either criminal or civil;

(2) by, or at the insistence, of the defendant;

(3) the termination of such proceedings in the plaintiff's favor;

(4) malice in instituting the proceedings;

(5) want of probable cause for the proceedings; and

(6) the suffering of damages as a result of the action or prosecution complained of.

Van v. Grand Casinos of Miss., Inc., 724 So. 2d 889, 891 (Miss. 1998).

In its memorandum of authorities, the counter-plaintiff states, "RHB without doubt has satisfied elements (1), (2), (5) & (6) for a malicious prosecution claim." (Mem. Auth. M. Summ. J. 35.) RHB argues that the "termination" element is also satisfied because the Court dismissed Alradai's claims for failure to prosecute, which RHB contends is a form of abandonment. See George v. W.W.D. Auto., Inc., 937 So. 2d 958, 961 (Miss. Ct. App. 2006) ("The termination requirement is met when the action is either abandoned by the prosecuting attorney or by the complaining witness."). With regard to the "malice" requirement, RHB provides one sentence (out of thirty-seven pages of briefing): "Clearly,

Alradai's objective here was not to obtain justice, but rather to seek an unjustified award from RHB – one founded upon false sworn statements in his verified complaint." (Mem. Auth. M. Summ. J. 36.)

Malice is typically a question of fact which is reserved for the trier of fact "unless only one conclusion may reasonably be drawn from the evidence." Junior Food Stores, Inc. v. Rice, 671 So. 2d 67, 73 (Miss. 1996). The relevant consideration is the defendant's subjective state of mind, i.e., his primary objective for instituting the proceeding. Nassar v. Concordia Rod and Gun Club, Inc., 682 So. 2d 1035, 1042 (Miss. 1996). "Malice does not refer to mean or evil intent . . . . Rather, malice in the law of malicious prosecution is a term used in an artificial and legal sense. It connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice." Condere Corp. v. Moon, 880 So. 2d 1038, 1043 (Miss. 2004), quoting Benjamin v. Hooper Elec. Supply Co., 568 So. 2d 1182, 1191 (Miss. 1990).

RHB has the burden of showing that there are no genuine issues of material fact, and any doubt as to the existence of a genuine issue of material fact must be resolved in favor of the nonmovant. Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). The deposition excerpts presented by RHB show that there may be genuine issues of fact regarding the malice element.

As mentioned above, RHB failed to present a particularized argument concerning the lack of a genuine issue of material fact regarding malice. Instead, it appears that RHB chose the "buckshot approach," whereby it proffers several allegedly false statements from Alradai's sworn complaint with no analysis as to how each statement relates **to the elements of malicious prosecution.**[2] It is not for the Court "to parse through [RHB's] brief and determine on its own which facts establish [malice]." Glover v. City of Dallas, 2007 WL 412041, *2 (5th Cir. Feb. 1, 2007).

The only evidence offered by RHB that shows Alradai's subjective state of mind is Alradai's deposition. In his deposition, Alradai made clear that he felt discriminated against by RHB. Whether it is true or not, Alradai stated under oath that he believed he had "good credit," and he was unaware of any non-discriminatory reason for RHB to deny him credit. RHB counters these statements with Alradai's loan application and credit report, which indicate that Alradai may not have been qualified for the credit he sought. Evidence which tends to negate an element of a

[2]RHB's brief, which is styled, "Counter-Plaintiff Riverhills Bank's Memorandum of Authority in Support of Its Motion for Summary Judgment on Its Counterclaim Against Counter-Defendant Abdo Alradai," seems to pertain primarily to RHB's request for sanctions against Alradai. In its brief RHB lists six allegedly "False Sworn Statements," which it attributes to Alradai through his verified complaint. Each statement is followed with a bold pronouncement entitled, "The Truth." Then, "The Truth" section is followed with an explanation which is headed, "Why Material." The "Why Material" sections do not explain what effect the allegedly false statements have on the malicious prosecution claim.

plaintiff's ECOA discrimination prima facie case[3] does not conclusively establish malice; rather, it is simply a defense to the plaintiff's ECOA claim. The Court cannot conclude, as RHB does, that Alradai's subjective goal in filing his complaint was to obtain an unjustified award. Alradai's deposition testimony shows that he, as a lay person, believed that he had a cause of action against RHB for RHB's alleged discriminatory lending practices. (Alradai Dep. 131-32.) Alradai's testimony shows that there are genuine issues of material fact concerning his primary objective for instituting the civil proceeding against RHB. These issues of fact require the determination of Alradai's credibility, which the Court cannot pass upon at this summary judgment juncture.

This is not to say that RHB cannot prove at trial that Alradai acted with malice when he filed his ECOA complaint. Malice is a fact question which is rarely disposed of on summary judgment. Typically, claimants attempt to prove malice at trial through circumstantial evidence. Condere Corp. v. Moon, 880 So. 2d 1038, 1043 (Miss. 2004). From such evidence, the jury may infer malice. Id.

Inasmuch as there are genuine issues of material fact

[3]To state a prima facie case of discrimination under the Equal Credit Opportunity Act, the plaintiff must show that (1) he was a member of a protected class, (2) he applied for credit from the defendant, (3) he was qualified for the credit, and (4) he was denied the credit. Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004).

concerning whether Alradai maliciously instituted his ECOA complaint, RHB's Motion for Summary Judgment on Its Counterclaim must be denied.

**III. RHB's Motion for Attorney Fees Under the Mississippi Litigation Accountability Act, Mississippi Code § 11-55-1, *et seq.***

RHB seeks the imposition of attorney's fees against Aldrai under the Mississippi Litigation Accountability Act, Mississippi Code § 11-55-1, *et seq*. Section 11-55-5 states,

> (1) Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

The Court is aware of several cases from the Southern and Northern Districts of Mississippi that have applied the Mississippi Litigation Accountability Act ("MLAA") in diversity actions. See Vazzana v. City of Greenville, 2007 WL 465634 (N.D. Miss. 2007) (J. Pepper) (sanctioning plaintiff's attorney under the MLAA for filing a claim "without substantial justification"); Bryant v. Military Dept. of Miss., 381 F. Supp. 2d 586, 594 n.12 (S.D. Miss.

2005) (denying defendant's MLAA motion for sanctions in a footnote); Giles v. Am. Gen. Fin., Inc., 229 F.R.D. 537 (S.D. Miss. 2005) (see *infra*); Healthsouth Corp. v. Windham, 2000 WL 1154061 (N.D. Miss. 2000) (expressly refusing to address the applicability of the MLAA to the federal action and denying defendants' motion for sanctions where plaintiff filed diversity action without adhering to the complete diversity rule).

In Giles v. American General Finance, Inc., United States District Judge Tom Lee was faced with an MLAA fee request which is quite similar to the one at bar. The plaintiffs in Giles brought various predatory lending claims against the defendant. 229 F.R.D. at 538. After the plaintiffs' attorney ignored discovery requests and orders to show cause for over a year and a half, the defendant filed its "Third Motion to Dismiss." At the same time, the defendant filed a motion for attorney's fees against the individual plaintiffs pursuant to the MLAA.[4] The plaintiffs failed to respond to either motion, and the defendant sought a default judgment on its motion for fees. The Court granted the Motion to Dismiss but refused to impose fees. Id. at 540. As stated by Judge Lee, "While plaintiffs obviously failed for over a year and a half to respond to discovery requests, their failure is almost certainly attributable solely to their attorney, and not to anything these

[4]Earlier in the litigation, the magistrate judge sanctioned the plaintiff's attorney $2,500.00 for not complying with discovery requests.

plaintiffs did or failed to do, and thus this court has no inclination to enter a default judgment for fees and costs against these plaintiffs for their attorney's omissions." Id.

Judge Lee's opinion that errors of law and procedure are typically attributable to a party's attorney rather than the party is instructive. The creation of an attorney-client relationship is significant. A client should be encouraged to repose his obligation of compliance with legal formalities in his attorney. A client should not be burdened with the duty of checking behind his attorney or "seeking a second opinion" on each statement of fact or law made in a brief, pleading or motion.

RHB asks in its MLAA fee motion for the Court to impose sanctions against Alradai (1) for allegedly making false statements in his sworn complaint and (2) for filing a complaint "without substantial justification." RHB argues that since the plaintiff failed to make a prima facie showing of ECOA discrimination, the action was frivolous. First, it should be noted that there has not been a finding that the plaintiff failed to make a prima facie case. Alradai's action was dismissed without prejudice due to his failure to respond to Magistrate Judge Roper's orders. Second, requiring a plaintiff who fails to establish his prima face case to pay the defendant's attorneys' fees as a matter of course would violate the longstanding American Rule, which requires that each

litigant should bear his own attorney's fees.[5] Myers v. City of West Monroe, 211 F.3d 289 (5th Cir. 2000) (stating that failure to make a prima facie case, without more, is insufficient to justify award of attorney's fees), citing Hidden Oaks, Ltd. v. City of Austin, 138 F.3d 1036 (5th Cir. 1998).

RHB would have the Court find that the following statements amount to perjury and justify imposing sanctions against Alradai: (1) "That on or about March 22, 2004, the Plaintiff, Abdo Alradai applied for a personal consumer loan in the amount of $22,000.00 from the Defendant," (2) "Plaintiff possessed and continues to possess an outstanding credit rating," (3) "Riverhills Bank personnel failed to timely act on the Plaintiff's application," (4) "Plaintiff's application was denied on the basis of his race and/or national origin," (5) "As a result of the discriminatory conduct of the Defendant, Plaintiff has been made to suffer . . . damage," and (6) "Plaintiff . . . seeks damages in the amount of $1,000,000.00."

The first statement is the only one which can even arguably be considered a "false statement." Alradai's loan application was filled out by his accountant on March 22, 2004 and then mailed to Alradai. Alradai did not actually submit his loan application to RHB until March 29. The complaint contains the sworn statement that Alradai applied for credit on March 22. RHB contends that

[5]The Court acknowledges that attorney's fees may be imposed where authorized by either contract, statute, or Federal Rule; however, this case does not warrant fee shifting.

this misstatement is legally significant because the Consumer Credit Protection Act requires a lending institution to either accept or deny credit within thirty days of receiving an application.[6] The complaint was filed two years after the denial of credit, and the loan application was dated March 22. It is certainly foreseeable how such an error could have been made innocently. Moreover, the complaint did not list a date certain; rather, it states, "on or about March 22, 2004." Matters such as this are to be fleshed out during discovery. It would be draconian to sanction a party for misstating a date by one week unless it is shown that the party intentionally made a false statement.

The remaining five statements are conclusory averments that are typical of ECOA complaints. These statements are all either Alradai's opinion or allegations of fact ordinarily decided by the jury. The statements are not necessarily false merely because Alradai's view of the facts differs from RHB's. Accordingly, the Alradai should not be sanctioned for the statements he made in his sworn complaint.

**CONCLUSION**

Since RHB failed to meet its burden of showing the lack of a genuine issue of material fact regarding malice, its motion for summary judgment on its malicious prosecution claim must be denied.

---

[6]The Court notes that Alradai did not explicitly allege the violation of this particular Protection Act provision. Nevertheless, such a claim can be inferred from the complaint.

Moreover, RHB has failed to show that it is entitled to attorney's fees under the MLAA. Accordingly,

IT IS HEREBY ORDERED that Riverhills Bank's Motion for Summary Judgment on its counterclaim [**docket entry no. 43**] is **DENIED.**

IT IS FURTHER ORDERED that Riverhills Bank's Motion for Attorney Fees [**docket entry no. 47**] is **DENIED.**

SO ORDERED, this the 5th day of July, 2007.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE